**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

EDWARD PACK,                          )
                                      )
        Plaintiff,              )   Civil Action No. 07-969
                                      )
        v.                      )
                                      )   Magistrate Judge Caiazza
BUTCH STOFKO,                         )   In re: Doc. 24
                                      )
        Defendant.              )

## OPINION AND ORDER

The Plaintiff, Edward Pack ("the Plaintiff" or "Pack"), is a state prisoner who alleges that his constitutional rights were violated on April 26, 2007, when he was transported to a hearing by Defendant Stofko, who is a Sheriff's Deputy. Pack alleged that handcuffs were placed on him by Stofko and that they were secured too tight, which caused his wrists to bleed; the handcuffs remained in place for the entire day, despite Pack's repeated complaints of pain. Pack further alleged that the incident has caused him permanent nerve damage.

Defendant Stofko has filed a Motion for Summary Judgment (Doc. 24) and has attached several affidavits. Included are statements from Sheriff's Office employees who witnessed the handcuffing, the removal of the cuffs, and Pack's actions on the date in question -which confirms Defendant Stofko's own affidavit in which he states that there was no indication that the handcuffs were hurting Pack and that there were no visible injuries on his wrists (Doc. 24, Exs. 3-11, 13). The Defendant

also provides an affidavit from the other prisoner who was transported with Pack that same day, Rachelle Palmer, who did not notice any bleeding on Pack's forearms, and who heard no complaints from Pack (Doc. 24, Ex. 9). Finally, a prisoner who served time with Pack has submitted an affidavit stating that Pack admitted contriving the incident in order to retaliate against the Defendant (Doc. 24, Ex. 2).

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986) (party can move for summary judgment by "pointing out to the district court that there is an absence of evidence to support the non-moving party's case."). The moving party bears the initial burden of identifying evidence that demonstrates the absence of a genuine issue of material fact.  Once that burden has been met, the non-moving party must set forth ". . . specific facts showing that there is a genuine

-2-

<u>issue for trial</u> . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. <u>Matsushita Elec. Ind. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986). The inquiry, then, involves determining "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" <u>Brown v. Grabowski</u>, 922 F.2d 1097, 1111 (3d Cir. 1990), <u>cert.</u> <u>denied</u>, 501 U.S. 1218 (1991) (<u>quoting</u> <u>Anderson</u>, 477 U.S. at 251-52)

Tight handcuffing, without more, is not sufficient to support a claim of excessive force. <u>Karkut v. Target Corp.</u>, 453 F.Supp.2d 874, 887 (E.D.Pa.2006). However, in his Complaint and in an affidavit accompanying his Response to the Motion for Summary Judgment, Pack asserts that he repeatedly asked Defendant Stofko to loosen the handcuffs, and that they were secured so tight that they left visible marks and caused bleeding, but that his repeated complaints were ignored. Pack also alleged that he has suffered continuing numbness and tingling in his fingers as a result.

In <u>Kopec v. Tate</u>, 361 F.3d 772 (3d Cir.2004), the Third Circuit Court of Appeals reversed a grant of summary judgment in

an excessive force case involving tight handcuffs. In Kopec, the plaintiff asserted that he was in intense pain that would have been obvious to any officer, and that he fainted due to the intensity of the pain. In addition, the plaintiff alleged nerve damage in his wrist, which required treatment from a hand-surgeon for more than a year. Id. at 774. While the appeals court in Kopec refused to allow a grant of summary judgment, it cautioned that the "opinion should not be overread as we do not intend to open the floodgates to a torrent of handcuff claims." Id. at 777.

Another relevant case is Giles v. Davis, 427 F.3d 197 (3d Cir.2005), where the court found that a plaintiff who merely complained of pain without more, and who never sought independent medical care for alleged injuries from his handcuffs, could not survive summary judgment. Id. at 207-08.

This case is not similar to Giles where the only allegation was that the handcuffs were secured too tight. Rather, Pack has presented affidavit evidence claiming physical injury in the nature of swelling and bleeding, which would have been visible to a reasonable officer. Pack has also averred that he repeatedly complained of pain from the handcuffs. Giving the Plaintiff the benefit of all relevant inferences, the Court cannot rule as a matter of law that a reasonable jury would be unable to return a verdict in favor of the Plaintiff. That said, the fact finder would be entitled to credit Pack's testimony -even standing

alone as it apparently does- and grant him relief.

Consequently, the Motion for Summary Judgment will be denied.

AND NOW, this 17th day of June, 2008,

IT IS HEREBY ORDERED that the Defendant's Motion for Summary Judgment (Doc. 24) is DENIED.


s/Francis X. Caiazza
Francis X. Caiazza
United States Magistrate Judge


cc:
EDWARD PACK
1238-07
SCI Camp Hill
P.O. Box 200
Camp Hill, PA 17001-0200